# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREW MOLLER,<br><br>    Plaintiff,<br><br> v.<br><br>SAFEWAY, INC. and EKATERINA YUVASHEVA,<br><br>    Defendants. | Case No. 4:17-cv-00031-SLG |

## **ORDER**

Before the Court is Plaintiff's Motion to Modify Due Dates for Expert Reports (Docket 22), Defendants' opposition (Docket 23), and the reply (Docket 24).

Based on the Court's review of the parties' filings, the Court will modify the scheduling order to require that the reports of experts with respect to *liability* will be simultaneously exchanged, whereas the reports of experts with respect to *damages* will remain staggered. Preliminarily, the Court disagrees with Defendants' assertion that "the regular practice in Alaska Federal District Court" is to order staggered expert reports.[1] The district's Scheduling and Planning Conference Report allows the parties to select either option: staggered or simultaneous. The undersigned judge has entered many scheduling orders that stagger the reports and many orders that make the exchange simultaneous. Indeed, in negligence cases such as this that have been removed based on diversity, and depending on the particular facts of the case, the undersigned judge has

---

[1] Docket 23 (Opp'n) at 1.

leaned toward ordering simultaneous reports when there is a dispute, given the state court practice on this issue.

In this case, the Court initially ordered staggered reports because in the parties' Scheduling and Planning Conference Report, Defendants asserted, "[t]he issue in this case is damages, which will require expert testimony. Staggered reports will allow defendants' experts to focus their reports on the damages plaintiff's experts claim were caused by the misfilled prescription."[2] Based on that statement, the Court had assumed that disputed expert testimony would only be presented on the issue of damages. In the undersigned judge's view, and again depending on the nature of the particular case, the staggered production of reports on damages may often be more appropriate than simultaneous production on that topic.

However, Plaintiff has asserted that there are liability issues as well—specifically, whether Defendants were reckless in filling the prescription. Moreover, Defendants do not dispute that these liability issues also exist.[3] Based on the Court's current understanding of the disputed issues, the Court finds that Plaintiff has demonstrated good cause to modify the scheduling order with respect to liability experts.[4] In addition, in light

---

[2] Docket 12 at 5.

[3] See Docket 23 at 4.

[4] *See* Fed. R. Civ. P. 16(a)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The modification of the schedule to provide for simultaneous liability expert exchange is not being ordered as a "sanction" for the delayed discovery production. *See generally* Fed. R. Civ. Pro. 37(b)(2)(A) (listing available sanctions) and Rule 37(d)(3) (sanctions available for failure to respond). Rather, the modification is being made because when the Court entered the initial scheduling order, it assumed that there were no disputed liability issues in this case. Now, after considering such disputed issues, the Court finds that the simultaneous production of liability expert reports is warranted in this particular case.

Order re Motion to Modify Due Dates
*Moller v. Safeway, et al.,* 4:17-cv-00031-SLG
Page 2 of 3

of Defendants' delay in responding to Plaintiff's discovery requests, the parties agree that all of the expert report deadlines should be moved back.

Based on the foregoing, the Court modifies the expert witness disclosure deadlines as follows:

**Liability Experts:**

By both parties: on or before **August 15, 2018**

Rebuttal reports: on or before **30 days of the report after service of the report being rebutted**

**Damages Experts:**

By Plaintiff: on or before **August 15, 2018**

By Defendants: on or before **September 12, 2018**

Rebuttal Report(s): by Plaintiff on or before **September 26, 2018**

Accordingly, the motion at Docket 22 is GRANTED in part and DENIED in part as set forth herein.

DATED this 20th day of April, 2018 at Anchorage, Alaska.

                                 */s/ Sharon L. Gleason*
                                 UNITED STATES DISTRICT JUDGE

Order re Motion to Modify Due Dates
*Moller v. Safeway, et al.,* 4:17-cv-00031-SLG
Page 3 of 3