William H. Ingaldson, Esq.
Jim M. Boardman, Esq.
Ingaldson Fitzgerald, P.C.
bill@impc-law.com
jim@impc-law.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREW MOLLER,<br><br>        Plaintiff,<br>v.<br><br>SAFEWAY, INC. and EKATERINA YUVASHEVA,<br><br>        Defendants. | Case No. 4:17-cv-00031-SLG<br><br>Superior Court for the State of Alaska<br>Fourth Judicial District at Fairbanks<br>Case No. 4FA-17-02270CI |

### DEFENDANTS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER

This case involves a prescription misfill that plaintiff claims caused the return of his epileptic seizures which he alleges were absent for several years while on the medication. The parties have taken numerous depositions, exchanged expert and rebuttal reports, but have not deposed expert witnesses. Additionally, plaintiff is scheduled to undergo a brain EEG procedure which his treating provider has testified, if his diagnosis is correct, there is an 80-90% chance of curing his seizures. The surgical procedure is scheduled for December 2018. Due to the significance of this procedure and the need to conduct expert discovery, defendants seek to modify the pretrial scheduling order to allow for expert

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

Page 1 of 9

Case 4:17-cv-00031-SLG   Document 34   Filed 10/30/18   Page 1 of 9

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

discovery, related motion practice and to determine whether or not the procedure is successful. These topics are further discussed below.

## Factual Background

Plaintiff's complaint asserts medical malpractice claims against Safeway and the pharmacist based on the misfill of a prescription involving medication to control epileptic seizures. Defendants admitted the prescription was negligently filled, so the case involves issues related to causation, recklessness and damages. These issues have resulted in the parties delving deep into the field of epilepsy, its treatment, diagnosis and medical management and whether not taking only a low dose of the medication for two to three days can trigger persistent seizures. As a result, the parties have taken numerous depositions, exchanged expert reports and spent considerable time researching these issues.

At the start of litigation, the court entered a pretrial order on January 3, 2018.[1] It's fair to state that, at that time, defendants were not well versed in epilepsy and other complex issues involved with this case. In August 2018, the parties stipulated to modification of certain pretrial deadlines which extended the close of discovery five weeks to November 7, 2018.[2] Over the last five months, the parties have taken several depositions. These include the following:

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] Docket 13.
[2] Docket 28, p.2.

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

  Andrew Moller on June 13, 2018 in Denver, CO

  Jill Zukerman Stuart, Ph.D. on June 15, 2018 in Durham, NC

  Saurabh Sinha, M.D. on June 15, 2018 in Durham, NC

  Ekaterina Yuvasheva on June 19, 2018 in Chicago, IL

  Richard Cohen, M.D. on June 20, 2018 in Portland, OR

  David Green on June 21, 1018 in Seattle, WA

  Gail Elliott on June 21, 2018 in Seattle, WA

  Kelly Nelson on August 15, 2018 in Anchorage, AK

  Edward Maa, M.D. on October 10, 2018 in Denver, CO

  Jesse Wynn, Ph.D. on October 11, 2018 in Denver, CO

  Amelia Elkins, LCSW on October 11, 2018 in Denver, CO

The parties have also engaged in extensive written discovery, medical and legal research, exchanged six expert reports to address causation, recklessness and economic losses and Mr. Moller recently completed an IME. However, there remains significant work to be completed.

  In addition, Mr. Moller is scheduled to have a medical procedure in December 2018 involving an intracranial EEG followed by neurosurgery.[3] Mr. Moller's treating neurologist was deposed in October 2018 and provided important information about this procedure. Dr. Maa explained that the implanting of

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[3] **Exhibit A**, Wynn Progress Note, p. 2; **Exhibit B**, Deposition of Dr. Maa, p. 20.

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

electrodes will allow him to pinpoint the tissue that is seizing.[4] After examining Mr. Moller and reviewing his medical records, Dr. Maa's working diagnosis is that the source of Mr. Moller's seizure problem is in his amygdala.[5]

Dr. Maa outlined the upcoming procedure and Mr. Moller's post-surgery prognosis. Once the EEG intracranial implants are placed they will be used to collect data after three to five seizures and this will then be used to fine-tune a surgical plan.[6] If Dr. Maa's working diagnosis is correct, that the seizures originate from the amygdala, then a pinpoint laser would be used to ablate it.[7] And if instead the seizures are from the orbital frontal area then he would implant a neurostimulator to minimize the seizure.[8] The neurostimulator implant has a success rate of 50% that the patient will afterwards be seizure free.[9] If Dr. Maa is correct that the amygdala is the source of Mr. Moller's seizures, then "his seizure-free chances are very high" with 80 to 90% of patients being seizure free for the first one to five years.[10] Thus, Mr. Moller's December 2018 medical procedures are likely to significantly impact this case.

---

[4] **Exhibit B**, Dr. Maa Depo., p.20.
[5] **Exhibit B**, pp. 37-39.
[6] *Id*. at 87-88.
[7] *Id.*
[8] *Id*. at 88-89.
[9] *Id*. at 89.
[10] *Id*. at 90.

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

Case 4:17-cv-00031-SLG   Document 34   Filed 10/30/18   Page 4 of 9

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 16(b) provides that a district court must issue a scheduling order that limits the time to join parties, complete discovery and file motions. A pretrial conference order "controls the course of the action unless the court modifies it."[11] The scheduling order may be modified for good cause and with the judge's consent.[12] The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.[13]

A pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."[14] In deciding whether to amend a pretrial scheduling order a court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[15]

Each of these factors are addressed below to show that defendants have good cause to extend discovery.

---

[11] Fed.R.Civ.P. 16(d).
[12] Fed.R.Civ.P. 16(b)(4).
[13] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[14] *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's note to 1983 amendment).
[15] *City of Pomona v. SQM North Amer. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex.rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)). The standards identified in *City of Pomona* apply to reopening

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

Page 5 of 9
Case 4:17-cv-00031-SLG   Document 34   Filed 10/30/18   Page 5 of 9

### A. **Trial is Not Imminent**.

Trial is currently scheduled to commence on March 18, 2019 in Fairbanks, Alaska.[16] Revision and extension of the pretrial deadlines may impact the trial date, so defendants elected to file this motion shortly after Dr. Maa's deposition where they discovered the significance of the planned procedure.

### B. **The Request is Opposed**.

The parties have previously agreed to minor modifications of pretrial deadlines. Plaintiff's counsel has taken the position that Mr. Moller will be treating medically the rest of his life, so additional treatments shouldn't disrupt the litigation. However, previous treatments have not involved a procedure that has an 80-90% chance of ending Mr. Moller's seizures.

### C. **The Non-Moving Party Will Not Be Prejudiced**.

At worst, the trial date will be moved, but this will not prejudice plaintiff as delay in having claims adjudicated in court does not, by itself, constitute undue prejudice.[17] Additionally, extending discovery will allow plaintiff's counsel to also conduct expert discovery and obtain any necessary perpetuation depositions.

---

discovery after remand. While discovery remains open at the time of filing this motion, it will likely pass before the motion is ripe.
[16] Docket 14, p. 1.
[17] *Research in Motion, Ltd. V. Visto Corp.*, 545 F.Supp.2d 1011, 1012 (N.D. Cal. 2008).

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

INGALDSON FITZGERALD, P.C. Lawyers 813 W. 3rd Avenue Anchorage, Alaska 99501-2001 (907) 258-8750 FAX: (907) 258-8751

Page 6 of 9

### D. **Whether the Moving Party Has Been Diligent**.

The original scheduling and planning Order gave the parties 6-7 months to obtain expert reports and 8 ½ months to complete all discovery.[18] At the time the Order was entered, defendants did not have knowledge about the extensive work, medical history and issues necessary to prepare the matter for trial. While discovery was extended an additional five weeks, it was not enough time to complete the necessary discovery.

During this time defendants have obtained and reviewed approximately 2500 medical records from a host of providers scattered across the country. Deposed or defended eleven depositions in five different states. Retained and worked with a host of trial and consulting experts many of whom have also had to review the extensive medical history. Sent out three separate sets of discovery requests and engaged in discovery motion practice. This illustrates defendants have been diligent in preparing this case for trial.

### E. **Foreseeability of Additional Discovery**.

At the time the Scheduling and Planning Order was issued, the complexity and discovery needs of the case were not foreseeable. Defendants were unaware of the complexity of the medical and causation issues, travel requirements or of plaintiff's medical treatment involving unique specialists. At present, the parties'

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

experts will likely need to be deposed which will involve out-of-state travel, time to prepare and afterwards analysis to determine whether expert motion practice is necessary.

In addition, it was also unknown that less than a year from issuance of the scheduling and planning Order, Mr. Moller would be undergoing a medical procedure, which if his treating physician's diagnosis is correct, will provide an 80-90% chance of ending his seizures. Such an outcome would significantly impact several components of his case including his future damages which makes it a material aspect of the case. And it will also require follow-up discovery.

### F. The Likelihood that Discovery Will Lead to Additional ` Evidence.

There is a strong likelihood that discovery will result in additional evidence. This includes the depositions of the parties' experts, which are important for purposes of cross-examination and rebuttal evidence. Additionally, defendants will be able to obtain post-procedure information on whether the treatment was successful and if it ended or curtailed Mr. Moller's seizures. Thus, the evidence is important as the procedure may effectively cure him.

## CONCLUSION

Defendants have demonstrated "good cause" for modification of the pretrial scheduling Order as they have been diligent in preparing for trial. The

---

[18] Docket 12, pp. 3-4.

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

combination of an expeditious discovery schedule and recently learning that a December medical procedure, with an 80-90% chance of rendering Mr. Moller seizure free, has created the need for additional discovery and modification of the scheduling order. Accordingly, defendants respectfully request that the court hold a scheduling conference to revise appropriate deadlines to allow for expert discovery and obtain information on Mr. Moller's December medical procedure.

DATED this 30th day of October, 2018.

INGALDSON FITZGERALD, P.C.
Attorneys for Defendants Safeway, Inc.
and Ekaterina Yuvasheva

By: s/Jim M. Boardman
Jim M. Boardman
ABA No. 9206022

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on
the 30th day of October, 2018,
a copy of the foregoing was
sent to the following electronically
via CM/ECF:

Neil T. O'Donnell
Cascadia Cross Border Law Group LLC

/s Jim M. Boardman

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

DEFENDANTS' MOTION TO MODIFY
PRETRIAL SCHEDULING ORDER
*Moller v. Safeway, Inc. and Ekaterina Yuvasheva*
Case No. 4:17-CV-00031-SLG